UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2166

JANE DOE,

Plaintiff - Appellant,

versus

PHARMACIA & UPJOHN, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CA-
03-702-PJM)

Argued:  October 28, 2004          Decided:  October 17, 2005

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Stephen Bennett Mercer, SANDLER & MERCER, P.C., Rockville,
Maryland, for Appellant.  Stephen Edward Marshall, VENABLE, L.L.P.,
Baltimore, Maryland, for Appellee.  **ON BRIEF:** Paul F. Strain,
Mitchell Y. Mirviss, Mark D. Maneche, VENABLE, L.L.P.,  Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jane Doe appeals the dismissal of her amended complaint for failure to state a claim upon which relief can be granted and the subsequent denial of her "motion to reconsider" the order of dismissal. The district court dismissed the amended complaint, which (for our purposes) is grounded in Maryland negligence law, and denied the motion for reconsideration based on its conclusion that Pharmacia did not owe a legal duty of care to Jane Doe. In a prior order, we certified to the Court of Appeals of Maryland two questions of state law, both of which relate to whether Pharmacia owed such a duty to Jane Doe. Doe v. Pharmacia & Upjohn, Inc., 122 Fed. Appx. 20 (4th Cir. 2005). The Court of Appeals of Maryland has now answered the certified questions, concluding that Pharmacia did not owe a legal duty of care to Jane Doe. Doe v. Pharmacia & Upjohn, Inc., 879 A.2d 1088 (Md. 2005).

Based on the answer to our certified questions, Jane Doe's claims fail as a matter of law. Accordingly, we affirm the orders dismissing the amended complaint and denying the motion for reconsideration.

AFFIRMED